# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## DELTA DIVISION

**OMAR KHAYYAM HUMPHREY**                                   PETITIONER

v.                                                          No. 2:10CV37-B-A

**JAMES BREWER, ET AL.**                                    RESPONDENT

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Omar Khayyam Humphrey for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state has moved to dismiss the instant petition for failure to exhaust state remedies. Humphrey has not responded to the petition, and the deadline for response has expired. The matter is ripe for resolution. For the reasons set forth below, the state's motion to dismiss will be granted and the instant petition dismissed without prejudice for failure to exhaust.

### Facts and Procedural Posture

Omar Khayyam Humphrey was convicted of capital murder in the Circuit Court of Tate County, Mississippi, and on February 11, 1998, was sentenced to serve a term of life in the custody of the Mississippi Department of Corrections. Humphrey appealed his conviction and sentence to the Mississippi Supreme Court, which affirmed his conviction and sentence. *Humphrey v. State*, 759 So.2d 368 (Miss. 2000)(Cause No. 98-KA-00372-SCT)(overruled on other grounds). Humphrey then filed an "Application for Leave to Proceed in Trial Court on Post-Conviction Relief" in the Mississippi Supreme Court, which was docketed as Cause No. 2003-M-844. The state court dismissed this application pursuant to MISS. CODE ANN. § 99-39-5 and 99-39-23. On August 23, 2004, Humphrey filed a petition for writ of habeas corpus in this

court challenging his conviction and sentence. *See* Cause No. 2:04CV217-P-D. On January 27, 2005, the court entered a final judgment dismissing Humphrey's petition. ECF doc. 13, Cause No. 2:04CV217-P-D.

Humphrey's current *habeas corpus* petition alleges new evidence in the form of an affidavit from a recanting state witness. As such, the Fifth Circuit granted Humphrey permission to proceed with a successive petition, noting that the court "may dismiss the motion if it determines that his claims do not satisfy the successive standard."[1] ECF doc. 6. On December 15, 2009, Humphrey signed an "Application to Proceed in the Trial Court" which was filed in the Mississippi Supreme Court alleging this "new evidence" and raising the same allegations currently before this Court. On April 7, 2010, the state supreme court granted Humphrey's application for permission to file a motion for post-conviction collateral relief in the Tate County Circuit Court. Humphrey's post-conviction motion is currently pending before the Tate County Circuit Court.[2] Humphrey's petition is still pending before the trial court; as such, the

---

[1] 28 U.S.C. §2244(d)(2) allows for a successive petition to be considered if:

(A)  the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(I)  the factual predicate for the claim could not been discovered previously through the exercise of due diligence; and

(ii)  the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

[2] The Mississippi Supreme Court's electronic docket, available on their website, reflects a trial court order filed on March 14, 2011. No final order has, however, been entered in Humphrey's state post-conviction case.

Mississippi Supreme Court has not had an opportunity to review Humphrey's allegations of new evidence. Humphrey has a path through which he may exhaust his claims; should the Tate County Circuit Court rule against him, he may pursue a direct appeal of that decision.

## Exhaustion of State Remedies

This case is governed by 28 U.S.C. § 2254, as amended, which provides in part:

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –

    (A) the applicant has exhausted the remedies available in the courts of the State; or

    (B)(I) there is an absence of available State corrective process; or

    (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

Additionally, § 2254(c) states:

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

The case regarding these statutes provides additional clarity. "Applicants seeking federal habeas relief under § 2254 are required to exhaust all claims in state court prior to requesting federal collateral relief." *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999). *See also Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998). To satisfy the exhaustion requirement, a federal applicant for *habeas corpus* relief must present his claims to the state's highest court in a procedurally proper manner to provide that court with an opportunity to rule upon the claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728 (1999); *see also Carter v. Estelle*, 677 F.2d

427, 442-44 (5th Cir. 1982); *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988).

Humphrey has not, however, exhausted his state remedies, although he is in the process of doing so. Though the court may, for good cause shown, stay the case and hold it in abeyance until the petitioner has exhausted state remedies, the petitioner has not requested such a stay. As such, the court does not find the need to do so. As the petitioner has not exhausted state remedies, the instant case will be dismissed without prejudice. A final judgment consistent with this holding opinion will issue today.

### Additional Matters

The petitioner has also requested [14] that he be transferred to another facility with better legal research resources so that he may better pursue his federal *habeas corpus* claims. Given this court's ruling on the case, this motion will be dismissed as moot. Finally, the state has requested [15] an extension to respond to the instant petition. As the court has accepted the state's response and rendered a decision, this motion will also be dismissed as moot.

**SO ORDERED**, this the 18th day of April, 2011.

NEAL B. BIGGERS
SENIOR U. S. DISTRICT JUDGE